IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Garry H.,[1] | ) |
|                     Plaintiff, | ) C/A No. 6:24-cv-5191-RMG-KFM |
| vs. | ) **REPORT OF MAGISTRATE JUDGE** |
| Leland Dudek,[2] | ) |
| Acting Commissioner of Social Security, | ) |
|                     Defendant. | ) |

This case is before the court for a report and recommendation pursuant to Local Civil Rule 73.02(B)(2)(a) (D.S.C.), concerning the disposition of Social Security cases in this District, and 28 U.S.C. § 636(b)(1)(B).[3] The plaintiff brought this action pursuant to Section 205(g) of the Social Security Act, as amended (42 U.S.C. 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security denying his claim for disability insurance benefits under Title II of the Social Security Act.

**ADMINISTRATIVE PROCEEDINGS**

The plaintiff filed an application for disability insurance benefits ("DIB") on October 26, 2021, alleging that he became unable to work on October 13, 2021 (Tr. 196–97). The application was denied initially (Tr. 88–94) and on reconsideration

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that due to significant privacy concerns in social security cases federal courts should refer to claimants only by their first names and last initials.

[2] On February 16, 2025, Leland Dudek became the Acting Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d), he is automatically substituted for defendant Martin O'Malley, who was the Commissioner of Social Security when this action was filed.

[3] A report and recommendation is being filed in this case in which one or both parties declined to consent to disposition by the magistrate judge.

(Tr. 95–102) by the Social Security Administration. On June 1, 2023, the plaintiff requested a hearing (Tr. 123). On November 2, 2023, an administrative hearing was held via telephone at which the plaintiff, represented by counsel, and Christopher Ty Pennington, an impartial vocational expert, appeared and testified before the administrative law judge ("ALJ") assigned to the case (Tr. 48–87). During the hearing, the plaintiff amended his alleged onset date to December 3, 2021 (Tr. 55–56). On January 4, 2024, the ALJ considered the case *de novo* and found that the plaintiff was not under a disability as defined in the Social Security Act, as amended (Tr. 33–47). The ALJ's finding became the final decision of the Commissioner of Social Security when the Appeals Council denied the plaintiff's request for review on July 24, 2024 (Tr. 1–4). The plaintiff then filed this action for judicial review (doc. 1).

In making the determination that the plaintiff is not entitled to benefits, the Commissioner has adopted the following findings of the ALJ:

> (1)   The claimant meets the insured status requirements of the Social Security Act through December 31, 2027.
>
> (2)   The claimant has not engaged in substantial gainful activity (SGA) since December 3, 2021, [] the amended onset date (20 C.F.R. § 404.1571 *et seq*.).
>
> (3)   The claimant has the following severe impairments: bilateral central macular atrophy and right cataract (20 C.F.R. § 404.1520(c)).
>
> (4)   The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526).
>
> (5)   After careful consideration of the entire record, I find that the claimant has the residual functional capacity (RFC) to perform medium work as defined in 20 C.F.R. § 404.1567(c) except he can lift/carry 50 pounds occasionally and lift/carry 25 pounds frequently. He can sit, stand, and walk for six hours in an eight-hour workday, and he can push/pull as much as he can lift/carry. He can occasionally climb ramps and stairs. He can never climb ladders, ropes, or scaffolds. He can occasionally balance or crawl. He is able to avoid ordinary hazards in the workplace - such as boxes, doors ajar, etc. He

       can never work at unprotected heights, near moving mechanical parts, or operate a motor vehicle. He can never read ordinary newspaper, or book print, or operate a computer.

       (6)     The claimant is unable to perform any past relevant work (20 C.F.R. § 404.1565).

       (7)     The claimant was born on July 21, 1966, and was 55 years old, which is defined as an individual of advanced age, on the alleged disability onset date (20 C.F.R. § 404.1563).

       (8)     The claimant has at least a high school education (20 C.F.R. § 404.1564).

       (9)     Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (*See* SSR 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2).

       (10)   Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. §§ 404.1569 and 404.1569a).

       (11)   The claimant was not under a disability, as defined in the Social Security Act, from December 3, 2021, through the date of this decision (20 C.F.R. § 404.1520(g)).

The only issues before the court are whether proper legal standards were applied and whether the final decision of the Commissioner is supported by substantial evidence.

## APPLICABLE LAW

Under 42 U.S.C. § 423(d)(1)(A), (d)(5), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a).

To facilitate a uniform and efficient processing of disability claims, the Social Security Act has by regulation reduced the statutory definition of "disability" to a series of

3

five sequential questions. An examiner must consider whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment that meets or medically equals an impairment contained in the Listing of Impairments found at 20 C.F.R. pt. 404, subpt. P, app. 1, (4) can perform his past relevant work, and (5) can perform other work. *Id.* § 404.1520. If an individual is found disabled or not disabled at any step, further inquiry is unnecessary. *Id.* § 404.1520(a)(4).

A claimant must make a *prima facie* case of disability by showing he is unable to return to his past relevant work because of his impairments. *Grant v. Schweiker*, 699 F.2d 189, 191 (4th Cir. 1983). Once an individual has established a *prima facie* case of disability, the burden shifts to the Commissioner to establish that the plaintiff can perform alternative work and that such work exists in the national economy. *Id.* (citing 42 U.S.C. § 423(d)(2)(A)). The Commissioner may carry this burden by obtaining testimony from a vocational expert. *Id.* at 191–92.

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id.* In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Id.* Consequently, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

## ANALYSIS

The plaintiff, who was 55 years old on the alleged disability onset date, seeks disability based upon physical impairments that limit his ability to work. He has past relevant work experience as a fire truck mechanic (Tr. 40). The plaintiff argues that the ALJ erred by failing to explain an apparent conflict between testimony by the vocational expert ("VE") and the *Dictionary of Occupational Titles* ("*DOT*") (doc. 6 at 5–16). The plaintiff requests that this matter be remanded with an award of benefits (*id*. at 16). The Commissioner, on the other hand, asserts that the ALJ's decision is supported by substantial evidence, should be affirmed, and that benefits should not be awarded (doc. 8 at 4–17).

*Vocational Expert Testimony*

Relying on *Pearson v. Colvin*, 810 F.3d 204 (4th Cir. 2015), the plaintiff argues that the ALJ erred by failing to obtain an explanation from the VE as to the apparent conflict between the *DOT* and the plaintiff's limitations regarding reading and being around unprotected heights/moving mechanical parts (doc. 6 at 5–16). The Commissioner asserts that there is no apparent conflict and, even if there was an apparent conflict, the ALJ obtained testimony from the VE explaining the conflict (doc. 8 at 4–17).

Social Security Ruling ("SSR") 00-4p provides that occupational evidence provided by a VE "generally should be consistent with the occupational information supplied by the *DOT*." SSR 00-4p, 2000 WL 1898704, at *2. The SSR further notes:

> When vocational evidence provided by a VE . . . is not consistent with information in the DOT, the adjudicator must resolve this conflict before relying on the VE . . . evidence to support a determination or decision that the individual is or is not disabled. The adjudicator will explain in the determination or decision how he or she resolved the conflict. The adjudicator must explain the resolution of the conflict irrespective of how the conflict was identified.

*Id.* at *4. The Court of Appeals for the Fourth Circuit has held that the ALJ has an affirmative duty to obtain an explanation from the VE regarding apparent conflicts.

5

*Pearson*, 810 F.3d at 208–09. Apparent conflicts include those that seem real or true, but are not necessarily so, meaning "that the ALJ must identify where the expert's testimony seems to, but does not necessarily, conflict with the" *DOT*. *Pearson*, 810 F.3d at 209.

Here, the ALJ determined that the plaintiff had the RFC to perform medium work with certain limitations, including – relevant to the plaintiff's argument herein – limitations to never working around unprotected heights or moving mechanical parts, as well as never reading ordinary newspaper or book print or operating a computer (Tr. 36). The ALJ then relied on the VE's testimony that, given these limitations (including others in the plaintiff's less than medium RFC assessment), the plaintiff would be able to perform the representative occupations of kitchen helper (*DOT* # 318.687-010) and floor waxer (*DOT* # 381.687-034) (Tr. 41). The ALJ noted:

> Pursuant to SSR 00-4p, I have determined that the [VE's] testimony is consistent with the information contained in the [*DOT*]. The [VE] testified functional limitations such as climbing, a work environment with boxes and doors ajar and driving are not specifically addressed in the *DOT*; that he considered such limitations based on his knowledge and experience.

(Tr. 41).

As noted, the plaintiff argues that the ALJ failed to resolve a conflict between the VE's testimony and the *DOT* regarding the environmental and reading limitations for the identified occupations (doc. 6 at 5–16). The undersigned disagrees.

First, the plaintiff argues that the ALJ erred by relying on VE testimony that an individual could engage in the occupations of kitchen helper or floor waxer despite an RFC limitation to never working at unprotected heights, near moving mechanical parts, or never operating a motor vehicle. In support of the assertion of error, the plaintiff points to the descriptions of the two representative occupations and conflicts he identifies between

6

the *DOT* descriptions, *SCO*[4] notations, and the limitations noted above. However, even presuming *arguendo* that the plaintiff is correct that there are apparent conflicts between the *DOT* and the plaintiff's RFC limitations, the plaintiff has not addressed the ALJ's questioning of the VE regarding these restrictions or the explanation by the ALJ in his decision noting that there was not an actual conflict and that the VE testified based on his knowledge and experience (Tr. 41, 80–82). For example, the ALJ specifically questioned the VE regarding the environmental limitations he assessed in relation to the occupations identified, and the VE testified that those were not hazards that a hypothetical individual would encounter in the represented occupations (Tr. 79–82). Moreover, as recognized by the ALJ in his decision, he relied on the VE's knowledge and experience (after a specific conversation about these limitations) in finding that the plaintiff could engage in the listed jobs (Tr. 41).

Nonetheless, relying on a case from the United States District Court for the Middle District of Florida, the plaintiff argues that there is an unresolved apparent conflict that requires remand (doc. 6 at 12, 14 (citing *Roth v. Comm'r of Soc. Sec.*, C/A No. 6:20-cv-00550-MRM, 2021 WL 4399125 (M.D. Fla. Sept. 27, 2021)). However, *Roth* did not involve the same RFC limitations as contemplated in this matter. In *Roth*, the RFC assessment limited the plaintiff to avoiding "concentrated exposure to hazards **such as** unprotected heights and moving mechanical parts." *Roth*, 2021 WL 4399125, at *11 (emphasis added). Additionally, in *Roth*, the Honorable Mac. R. McCoy, United States Magistrate Judge, determined that remand was appropriate because the *SCO* described other hazards not addressed by the ALJ since the two listed limitations were examples of general hazards in Roth's RFC assessment, as well as because the VE in *Roth* simply testified that there were no conflicts between his testimony and the *DOT*. *Id*. at *11–12. Here, on the other hand,

---

[4] *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles*.

as noted above, the ALJ's RFC assessment listed specific limitations with no catch-all reference to hazards (Tr. 36). Further, here, the ALJ discussed the RFC hazard limitations with the VE in evaluating the VE's testimony regarding jobs a hypothetical individual could engage in, and the ALJ did not rely on just a blanket statement by the VE that his testimony was consistent (Tr. 41, 79–82). Moreover, the ALJ explained in the decision that functional limitations regarding climbing, work environment hazards, and driving were not necessarily addressed by the *DOT*, but the VE's testimony was based on his knowledge and experience (Tr. 41). As such, *Roth* does not provide a basis for remand of the instant matter.

As noted, the plaintiff also argues that the ALJ failed to explain his reliance on VE testimony despite an apparent conflict between the RFC reading limitations and the General Educational Development ("GED") language development level for the identified jobs (doc. 6 at 12–13, 14–15). The two jobs in question, kitchen helper and floor waxer, are noted as GED language level 1, which is defined as "[r]ecognize meaning of 2,500 (two-or-three syllable) words. Read at rate of 95-120 words per minute. Compare similarities and differences between words and between series of numbers." *DOT* Appendix C. However, despite the plaintiff's assertion to the contrary, an RFC limitation focusing on the size of text to be reviewed by the plaintiff (never read ordinary newspaper, or book print, or operate a computer) does not conflict with being able to recognize words or read a certain number of words per minute. Further, as the plaintiff concedes, the VE indicated that his testimony on matters not addressed in the *DOT* (although not inconsistent with the *DOT*) was based on his knowledge and experience (Tr. 79–82).

Nonetheless, relying on a case from the United States District Court for the Southern District of California, the plaintiff argues that vision acuity RFC limitations have been held to conflict with GED language level 1 jobs (doc. 6 at 13, 14 (citing *Rodriguez v. Saul*, C/A No. 19-CV-805-CAB-KSC, 2019 WL 7048774 (S.D. Cal. Dec. 23, 2019)).

8

However, in *Rodriguez*, the RFC limitation in question was that the plaintiff could not read, which is far more restrictive than the limitation in the instant matter. *See Rodriguez*, 2019 WL 7048774, at *1. Here, the ALJ limited the plaintiff regarding the use of the computer as well as from reading book text or newspaper sized text (Tr. 36). Further, the apparent conflict in question in *Rodriguez* was that the VE testified that the jobs in question required no reading despite the *DOT* descriptions (noting GED language level 1), which appeared to conflict with the VE testimony. *Id*. at *5. Because the ALJ did not obtain an explanation regarding the conflict from the VE, the court in *Rodriguez* vacated and remanded the ALJ's decision. *Id*. at *6. Here, on the other hand, as mentioned above, there is not an apparent conflict with a limitation in reading print of certain sizes or working on a computer and the jobs that were identified as having a GED language level of 1. As such, *Rodriguez* does not provide a basis for remand of the instant matter. In light of the foregoing, the undersigned finds no error in the ALJ's reliance on the VE testimony at step five. Accordingly, the ALJ's step five analysis is supported by substantial evidence and should be affirmed.

## **CONCLUSION AND RECOMMENDATION**

The Commissioner's decision is based upon substantial evidence and is free of legal error. Now, therefore, based upon the foregoing,

IT IS RECOMMENDED that the Commissioner's decision be affirmed.

**IT IS SO RECOMMENDED**.

                                                        s/Kevin F. McDonald
                                                        United States Magistrate Judge

April 14, 2025
Greenville, South Carolina

*The attention of the parties is directed to the important notice on the following page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 250 East North Street
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).