# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Gary B. Hightower, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 6:24-5191-RMG |
| vs. | ) | |
| | ) | |
| Leland Dudek, Acting Commissioner of Social Security, | ) ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security denying his claim for disability insurance benefits ("DIB"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on April 14, 2025, recommending that the Commissioner's decision be affirmed. (Dkt. No. 11). Plaintiff filed objections to the R & R and the Commissioner filed a reply. (Dkt. Nos. 13, 14).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Act provides that the "findings of the Commissioner of Social

Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

Plaintiff, who was 55 years of age at on the alleged disability onset date, asserts he is disabled under the Social Security Act primarily based upon severe visual impairments. The Administrative Law Judge ("ALJ") found that Plaintiff had two severe impairments, bilateral central macular atrophy and right cataract. (Dkt. No. 4-2 at 36). Nonetheless, the ALJ found that Plaintiff retained the residual functional capacity to do less than the full scope of medium work. To accommodate his visual impairments, the ALJ placed as limitations in the RFC that Plaintiff "can never work at unprotected heights, near moving mechanical parts, or operate a motor vehicle. He can never read ordinary newspaper, or book print, or operate a computer." (*Id*. at 37).

Plaintiff filed an objection to the R & R, arguing that there was an apparent conflict between the Dictionary of Occupational Titles ("DOT") and Plaintiff's RFC that was not resolved by the vocational expert's testimony, requiring remand to the agency for further administrative processing. The ALJ and the Magistrate Judge found that there was no conflict between the DOT and Plaintiff's RFC and, even if any apparent conflict between the DOT and the Plaintiff's RFC existed, the absence of any real conflict was adequately explained by the vocational expert.

It is important at the outset to set the context for this dispute. Plaintiff's counsel argued at the administrative hearing that Plaintiff "had no face recognition capability and can only see large objects" but "cannot make them out." (*Id*. at 83-84). The ALJ, while recognizing that Plaintiff had significant visual impairments, found that the impairments asserted by counsel overstated Plaintiff's limitations. The ALJ noted that Plaintiff continues to drive, haul his boat, and back his truck "down a boat ramp, unhook it, tie it on the dock, and park truck and trailer." (*Id*. at 38).

The vocational expert was asked at the administrative hearing whether there were jobs in the national economy Plaintiff could perform with the RFC limitations ultimately adopted by the ALJ. The vocational expert identified two jobs, kitchen helper and floor waxer, which he opined Plaintiff could perform with his visual limitations. The vocational expert was asked by the ALJ whether there was any conflict between the description of these positions in the DOT and his testimony. The vocational expert testified that in his opinion there was no conflict and based his opinion on his knowledge and experience. (*Id.* at 80-82).

The Magistrate Judge, after carefully evaluating the testimony of the vocational expert, found that even if it was assumed *arguendo* that there was an apparent conflict between the DOT and the Plaintiff's RFC, the vocational expert adequately explained that no actual conflict existed

based upon this knowledge and experience. The Court, after reviewing the ALJ decision, relevant portions of the record, the R & R of the Magistrate Judge, and the briefs of the parties, finds that the Magistrate Judge ably addressed the factual and legal issues involved in this appeal and correctly concluded that the decision of the Commissioner should be affirmed.

Based on the foregoing, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 11) as the order of the Court and **AFFIRMS** the decision of the Commissioner.

**AND IT IS SO ORDERED.**

                                              s/ Richard Mark Gergel
                                              Richard Mark Gergel
                                              United States District Judge

Charleston, South Carolina
April 29, 2025